IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.    No. 04 CR-0231 JB

DARWIN JACOBO ROMINE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Motion for Court to Require Production of the Materials Listed in Attached Subpoenas Duces Tecum, filed June 8, 2004 (Doc. 27); and (ii) the Defendant's Motion for Court to Compel the United States Attorney's Office to Obtain and to Disclose Whitley Materials, filed June 8, 2004 (Doc. 28). The primary issue is whether the Court should order the Santa Fe Indian School to produce personal counseling and school records that belong to the alleged rape victim, Lindsey Quintana. Because the Court concludes that the Defendant, Darwin Jacobo Romine, has made a sufficient showing under rule 17(c), the Court will grant the motion to compel the Santa Fe Indian School to produce documents. Because, however, the United States does not have the requested material in its possession or control, the Court will deny the motion to compel the United States to produce documents.

## PROCEDURAL BACKGROUND

Romine concedes that some sexual activity took place between himself and Quintana. Based on the facts heretofore gathered, the central issue of this alleged rape case will be whether consent existed. And the jury will not decide the consent question based upon physical evidence, but upon

the facts of the incident as recounted by Lindsey Quintana and by Romine. Romine does not know for certain, however, whether Lindsey Quintana will be called as a key witness.

The United States did not obtain Quintana's personal counseling records or school records in the course of the Federal Bureau of Investigation's or the Bureau of Indian Affairs' Aggravated Sexual Abuse and Kidnapping investigation. The United States Attorney's office represents that it is not otherwise in possession, custody, or control of any personal counseling or school records. The United States further represents that it is unaware that any such records exist and certainly is unaware of any favorable information. The United States promises that, if any such records were in its possession, it would have disclosed them to Romine as the law requires. The United States represents that it has produced all materials in its possession to Romine.

The United States is in the process of determining whether relevant records exist and, if so, will request permission from Quintana to obtain any records that might be relevant or material to this proceeding and then provide them to the Court. Based on Romine's belief that such materials exist, the United States will investigate the matter. Should any such records exist, the United States will request that the Court conduct an *in camera* review of any materials to determine whether Quintana's personal counseling or school records contain any information relevant to these proceedings.

As to the material listed in the Santa Fe Indian School subpoena duces tecum, Romine contends that Quintana was counseled at the Santa Fe Indian School regarding the incident. Romine represents that Jean Quintana, Lindsey's grandmother, supplied this information to Romine. Romine argues that, during these counseling sessions, Quintana would have made statements regarding the incident and the surrounding circumstances. Romine assumes that records of those personal counseling sessions exist, but provides no independent confirmation of that fact. Romine further

argues that these statements would reveal Quintana's state of mind and also possible motives for her subsequent actions.

Lindsey Quintana also has a disciplinary record at the Santa Fe Indian School. Romine contends that, upon information and belief, Quintana has had disciplinary problems related to dishonesty. Romine argues that school disciplinary records, teacher assessments, and teacher-student and/or teacher-parent conference notes would provide examples of Lindsey Quintana choosing to be untruthful. Romine asserts that such statements are relevant and admissible.

Gil Pena, Dean of Students at Santa Fe Indian School, stated that the school requires a court order for the release of the requested records. Romine has made known to the United States the alleged existence of Lindsey Quintana's school counseling records, school disciplinary records, teacher notes, and assessments of actions involving dishonesty. The United States declined Romine's informal request to obtain and disclose such allegedly favorable information.

Before the Defendant's motions, Romine's counsel requested approval of court orders requiring disclosure of a broad array of personal counseling and school records to Romine. The United States did not grant that approval. The United States was not confident such records existed, and the request appeared, to the United States, to be a fishing expedition.

In his motion for the subpoena duces tecum, Romine moves pursuant to rule 17(c) of the Federal Rules of Criminal Procedure and <u>United States v. Morris</u>, 287 F.3d 985 (10th Cir. 2002), and requests that the Court require the production of the materials listed in his proposed subpoena duces tecum. Romine contends that, upon information and belief, the documents are currently in the hands of a third party and are not in the United States' possession.

In his motion against the United States, Romine moves pursuant to the Fifth and Fourteenth

Amendments of the United States Constitution, Brady v. Maryland, 373 U.S. 83 (1963), Kyles v. Whitley, 514 U.S. 419 (1995), and United States v. Smaldone, 544 F.2d 456, 458 (10th Cir. 1976) (quoting United States v. Harris, 462 F.2d 1033, 1034 (10th Cir. 1972)), cert. denied, 430 U.S. 967 (1977). Romine asks the Court to compel the United States Attorney's Office to obtain and disclose any and all Santa Fe Indian School records for Lindsey Quintana regarding counseling subsequent to the alleged rape, and disciplinary records and teacher notes/assessments relevant to actions demonstrating dishonesty.

## LAW ON FED. R. CRIM. P. 16 AND 17

The Supreme Court of the United States, in Brady v. Maryland, held that the prosecution's suppression of evidence favorable to an accused on request violates due process where the evidence is material either to guilt or to punishment, irrespective of the prosecution's good faith or bad faith. See 373 U.S. at 87. In Kyles v. Whitley, the Supreme Court affirmed and expanded Brady v. Maryland. The Supreme Court ruled that the prosecutor "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." 514 U.S. at 437. The United States Court of Appeals for the Tenth Circuit has ruled that Brady disclosure applies to evidence "affecting the credibility of a key prosecution witness." United States v. Smaldone, 544 F.2d at 458 (quoting United States v. Harris, 462 F.2d at 1034).

It is a requirement under rule 16 that the United States Attorney's office have possession, custody, or control of documents before the United States has a duty to produce. See United States v. Gatto, 763 F.2d 1040, 1049 (9th Cir. 1985)(concluding that the "triggering requirement" for a government duty to produce evidence under rule 16 is that "the papers, documents, and tangible objects be in the actual possession, custody or control of the government."); United States v. Adkins,

741 F.2d 744, 747 (5th Cir. 1984)("[T]he discovery rules require the government only to turn over those records actually in its possession."); Fed. R. Crim. P. 16(a)(1)(E).

> Rule 17(c) states, in relevant part, that:
>
> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

In United States v. Morris, the Tenth Circuit addressed the showing necessary for a favorable 17(c) ruling. Morris asked for an entire personnel file under the "suspicion" that certain things existed in those files. See 287 F.3d at 991. The Tenth Circuit prohibited such requests and stated that a party seeking a subpoena duces tecum pursuant to rule 17(c) must show:

> (1) that the documents are evidentiary and relevant;
>
> (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
>
> (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and
>
> (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Id.

The Supreme Court of the United States has also created a list of criteria to be met under rule 17(c). See United States v. Nixon, 418 U.S. 683, 699-700 (1974). To meet the 17(c) burden, the movant must clear three hurdles: "(1) relevancy; (2) admissibility; [and] (3) specificity." Id. at 700. As to the specificity requirement, the Tenth Circuit explained that "the party requesting the information [must] identify the item sought and what the item contains, among other things." United

States v. Morris, 287 F.3d at 991. As to the information's materiality, the Tenth Circuit stated that the relevant standard of materiality focuses "on whether earlier disclosure would have created a reasonable doubt of guilt that did not otherwise exist." United States v. Scarborough, 128 F.3d 1373, 1377 (10th Cir. 1997)(citation omitted).

Pursuant to rule 608 of the Federal Rules of Evidence, a witness' character for truthfulness or untruthfulness may be attacked or supported by evidence in the form of opinion or reputation. Rule 608 also allows for limited cross-examination regarding specific instances of conduct if the Court believes such questioning is probative of truthfulness or untruthfulness. Rule 802 will not bar admission of such evidence because it is not offered to prove the truth of the matter asserted, but rather to establish the victim's state of mind and to prove a biased motive for the allegations.

## ANALYSIS

Under Brady v. Maryland, the United States has an obligation to turn over material evidence exculpatory to an accused. Lindsey Quintana's credibility is paramount to the fact-finding process. And her credibility will most likely be central regardless whether she testifies as a key witness.

Because Quintana's credibility will be a central issue, her motives and propensity for truthfulness may be relevant. Any evidence demonstrating a propensity for untruthfulness and/or a biased motive could be material, as it might create a reasonable doubt of guilt that would not otherwise exist. Evidence including prior statements regarding the alleged rape may be relevant and material because it may demonstrate possible inconsistencies with other statements and inconsistencies with her other conduct. Thus, such evidence may be both material and favorable to the defense.

The United States disputes that the requested documents may be relevant and exculpatory.

Rather, the United States contends that Romine's requests are vague and improper. The United States argues that Romine is making a request similar to the request that the defendant made in United States v. Morris.

Given that Lindsey Quintana's grandmother has provided some information about the counseling sessions, the Court cannot say that Romine's request is a fishing expedition. While the United States complains that Romine's requests are vague, it does not explain what is unclear or suggest ways to make them more precise. The Court believes that Romine's requests meet the Tenth Circuit's standards in United States v. Morris and the Supreme Court's standards in United States v. Nixon.

Moreover, because of the Santa Fe Indian School's requirement of a court order, even with due diligence, Romine is unable to obtain such records absent a court order. The Court also believes that Romine will be unable to properly prepare for trial without the production and inspection of these materials. Thus, the Court will grant Romine's motion to require the Santa Fe Indian School to produce the requested material. The Court will order that defense counsel not reveal any produced information to his client. Counsel for the United States should promptly inform defense counsel which portions of the produced material, if any, deal with prior sexual activity, and which the United States believes should remain confidential. Counsel should attempt to reach an agreement regarding which portions of the produced material dealing with prior sexual activity will remain for defense counsel's eyes only, but if the attorneys are unable to agree, they should contact the Court's Courtroom Deputy, K'Aun Sanchez, to set up a telephonic hearing on this matter.

Under the existing precedent for Brady material, the United States has a duty to disclose such information in its possession. Rule 16 of the Federal Rules of Criminal Procedure does not, however,

cover Romine's request for these materials directly from third parties, making rule 17(c) the appropriate means of obtaining such information. The Court is not convinced that the United States has any obligation to obtain the information from a third party. The United States has represented to the Court that it does not have any requested material in its possession or control.

**IT IS ORDERED** that the Defendant's Motion for Court to Require Production of the Materials Listed in Attached Subpoenas Duces Tecum is granted. The Defendant is permitted to request by subpoena duces tecum the production of the materials listed in its proposed subpoena duces tecum. Any portion of that material dealing with the victim's past sexual activity shall remain confidential as described herein. The Defendant's Motion to Compel the United States Attorney's Office to Obtain and to Disclose Whitley Materials is denied. The United States has no obligation to obtain materials to disclose to the Defendant.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

David C. Iglesias
  United States Attorney
Kyle T. Nayback
  Special Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the United States*


Joseph N. Riggs III
Albuquerque, New Mexico

    *Attorney for the Defendant*