**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                      No. CR 04-231 JB

DARWIN JACOBO ROMINE,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Government's Notice of Rule 404(b) Evidence and Motion in Limine, filed December 17, 2004 (Doc. 48); and (ii) the Defendant's Sealed Response and Request for Specificity Concerning the Government's Notice of Rule 404(b) Evidence, and Motion to Bar Admission of Rule 404(b) Evidence, filed January 11, 2005 (Doc. 57). The primary issue is whether the Court should admit evidence of Defendant Darwin Jacobo Romine's drug dealing and supplying in this rape case. Because the record does not yet reveal a sufficient factual nexus between the evidence and a proper purpose under rule 404(b) of the Federal Rules of Evidence, the Court will preclude the evidence unless and until the United States can provide that factual nexus.

**FACTUAL BACKGROUND**

The United States intends to introduce evidence that Romine routinely sold or provided drugs to Jane Doe, the victim in this case, and to others. Jane Doe will testify that Romine was "the person" at Cochiti Pueblo to go to for drugs. In addition, Jasmine Decora, a person with personal knowledge of Romine and whom Romine allegedly also sexually assaulted, will testify similarly.

On several occasions, Jane Doe went to Romine to purchase drugs for friends or for herself. The United States intends to prove that, on or about January 8, 2004, Romine kidnapped and raped Jane Doe, a minor. The United States will also introduce evidence that Romine provided beer, liquor, and marijuana to Jane Doe on January 8, 2004, before he kidnapped and raped her.

Romine acknowledges that he, Paul Quintana, and Jane Doe all consumed alcohol, including beer and possibly other liquor, on the night of January 8, 2004. Romine also admits that, after Jane Doe became intoxicated, he refused her repeated requests to go home. Instead, the United States contends, Romine took Jane Doe to a secluded, dark area, pulled her out of his car, and forced intercourse on the victim against her will.

Romine argues, however, that he has been presented no evidence that entails or alleges the use or distribution of marijuana or any other illegal drugs on the date of January 8, 2004. Romine notes that there is no mention of evidence or use of marijuana in the statements that the witnesses in this case have provided and which are currently available to him. See Statement of Jane Doe to Bureau of Indian Affairs Chief of Police John Haupt (FD-302)(dated January 13, 2004)("FBI Report"). A marijuana pipe was, however, recovered from Romine's car one day after the rape and kidnapping. Furthermore, Romine has a criminal record that reflects possession of drug paraphernalia.

## PROCEDURAL BACKGROUND

A federal grand jury indicted Romine on charges of aggravated sexual abuse and kidnapping in violation of 18 U.S.C. §§ 2241(a) and 1201(a)(2). The United States moves the Court in limine for a pretrial ruling that evidence of Romine's other crimes, wrongs, and acts are admissible under rule 404(b). In addition, the United States intends its motion to serve as Notice of Intent to use the

evidence at trial pursuant to rule 404(b).

In response to the United States' motion, Romine requests the United States to specify the permissible inference that it is attempting to prove with the rule 404(b) evidence referenced in its Notice and Motion in Limine.  Pursuant to rules 104(b), 401, 402, 403, and 404(b), Romine requests that the Court enter an Order barring the admission of the United States' proffered rule 404(b) evidence.  Additionally, in his motion filed January 11, 2005 (Doc. 57) and by separate motion, filed January 11, 2005 (Doc. 54), Romine requests that the Court conduct an evidentiary hearing whereby Romine will have the opportunity to call witnesses to clarify for the Court such issues as relate to the admissibility of this evidence and whereby the Court will have the opportunity to make findings about the probative value of the evidence pursuant to rule 403.  On February 9, 2005, however, Romine filed a motion withdrawing his request for the evidentiary hearing and, in lieu of such a hearing, submitted documentary evidence to the Court for its review.  See Defendant's Sealed Notice of Withdrawal of Request for Evidentiary Hearing, and Submission of Evidence (Doc. 64).

Having consulted with Assistant United States Attorney Kyle Nayback, and having been provided with FBI reports for Jane Doe and Jasmine Decora (two reports), Romine withdraws his request for the use of the witnesses at an evidentiary hearing and agrees that the United States' Notice of Rule 404(b) Evidence be submitted to the Court with the following evidence admitted in documentary form: (i) the FBI Report of the Statement of Jane Doe (dated January 13, 2004); (ii) the two FBI reports of the two statements of Jasmine Decora (dated November 29, 2004 and December 6, 2004).  Romine argues that, based upon the United States' submission of this evidence, and based upon Romine's submission of evidence, and after oral argument on February 10, 2005, he will ask the Court to bar the use of rule 404(b) evidence.

The Court has carefully reviewed the materials that the parties have provided the Court. There are very few references to marijuana or drugs in them.  In Jane Doe's statement to the FBI agent Travis Witt and BIA Chief of Police John Haupt, Jane Doe admits that she "has gotten into trouble possessing marijuana and a marijuana pipe."  FBI Report at 1 (January 13, 2004).  On January 8, 2004, Paul Quintana invited her to go with him and Romine "cruising around and drinking and stuff."  Id.  She describes the beer drinking in detail.  See id. at 2.  Jane Doe was drunk.  See id. at 2-3.  There is no mention of marijuana use before she was raped.  See id. at 1-3.

Jasmine Decora's December 6, 2004 statement mentions Romine raping her.  See FBI Report at 1 (December 6, 2004).  She does not mention marijuana or drugs other than alcohol involved in any of her rapes.  At the end of the report, she states: "Romine is well known at Cochiti for selling marijuana.  Romine was the main marijuana supplier at Cochiti."  Id. at 2.

Decora, in her November 29, 2004 statement, also mentions that Romine would visit her and bring over beer and alcohol.  See FBI Report at 1 (November 29, 2004).  There is no mention of her use of marijuana or of Romine's suppling of marijuana or other drugs.

## RULE 404(b)

Rule 404(b) is a rule of inclusion rather than a rule of exclusion.  See Huddleston v. United States, 485 U.S. 681, 688 (1988); United States v. Record, 873 F.2d 1363, 1374 (10th Cir. 1989). Rule 404(b) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."  Fed. R. Evid. 404.  Thus, the rule generally provides for the admission of all evidence of other acts relevant to an issue in the trial, unless the

-4-

evidence is introduced to prove criminal propensity or is unfairly prejudicial.  See United States v. Segien, 114 F.3d 1014, 1022 (10th Cir. 1997), overruled on other grounds by Jones v. United States, 526 U.S. 227, 229 (1999).

To determine whether evidence is admissible for one of the purposes stated in rule 404(b), the Supreme Court of the United States has articulated the following four-part test:

> [F]irst, from the requirement of Rule 404(b) that the evidence be offered for a proper purpose; second, from the relevancy requirement of Rule 402--as enforced through Rule 104(b); third, from the assessment the trial court must make under Rule 403 to determine whether the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice . . . ; and fourth, from Federal Rule of Evidence 105, which provides that the trial court shall, upon request, instruct the jury that the similar acts evidence is to  be considered only for the proper purpose for which it was admitted.

Huddleston v. United States, 485 U.S. at 691-92 (internal citations and footnote omitted).  See United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000).  Accordingly, "[t]he district court must make a threshold determination that the offered evidence is probative of a material issue other than character before admitting evidence under Rule 404(b)."  United States v. Birch, 39 F.3d 1089, 1093 (10th Cir. 1994)(internal quotations and citations omitted).  "The Government must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts.  In addition, the trial court must specifically identify the purpose for which such evidence is offered and a broad statement merely invoking or restating Rule 404(b) will not suffice." United States v. Kendall, 766 F.2d 1426, 1436 (10th Cir. 1985).  Thus, before the court may admit any evidence of the defendant's prior bad acts, the United States and the court must "precisely articulate the purpose of the proffered evidence." United States v. Segien, 114 F.3d at 1023 (quoting United States v. Birch, 39 F.3d at 1093).

Extrinsic acts evidence is only admissible pursuant to rule 404(b) where "there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." Huddleston v. United States, 485 U.S. at 685.  Moreover, in determining whether to rule that the rule 404(b) evidence is admissible, the court must weigh the probative value of the evidence against the potential for undue prejudice to the defendant.  See United States v. Zamora, 222 F.3d at 762-63.

## ANALYSIS

The evidence of Romine's drug dealing is 404(b) evidence and may be admissible against Romine if it is offered for the proper purpose of showing proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  It may be relevant and, if it is, it is not unduly prejudicial.  Additionally, Romine can request a jury instruction that will avoid any undue prejudice resulting from its admission.  At this time, however, the United States has not provided a sufficient factual nexus between the evidence and the events of January 8, 2004; until the United States provides that evidence, the Court will preclude the admission of the evidence.

## I.   THE COURT WILL GRANT ROMINE'S REQUEST FOR SPECIFICITY.

Romine contends that it is improper to move for the admission of evidence pre-trial, as the proper time for the Court to rule on the admissibility of evidence is when the proponent offers it in Court.  Because of the gravity that the admission of such evidence presents, however, Romine in its response waives this objection and requests the Court to consider the admissibility of such evidence pursuant to the Defendant's Motion to Bar the Admissibility of Rule 404(b) Evidence, filed with his response.

The United States' Notice of Rule 404(b) Evidence and Motion in Limine does not precisely articulate the evidentiary purpose of the rule 404(b) evidence that it has offered.  The general

statement that the "evidence is highly probative of the defendant's intent, opportunity and motive to commit the charged crime" does not articulate the relevant purpose and specific inferences to be drawn from the evidence of these alleged other acts.  See United States v. Birch, 39 F.3d at 1093-94 (finding Government's Notice insufficient which stated "only that the evidence's purpose was 'to prove the defendant's knowledge, identity and absence of mistake or accident" and holding that  the district court should have excluded the evidence because proper purpose was never clarified with specific reasoning).  Despite the United States' reasoning, a permissible inference for which the evidence is offered to prove is still unclear.  The United States has not clearly articulated a purpose for which the evidence is offered that is separable from behavior related to drug dealing and drug use.


        The evidence is not admissible absent further specificity.  See United States v. Birch, 39 F.3d at 1094 (holding that, if the purpose of the evidence is not apparent from the record and no specific reasoning of the proper purpose is provided, it is an abuse of discretion for a trial court to admit rule 404(b) evidence).  To attempt to introduce its evidence, the United States must review rule 404(b) and state with specificity what proper purpose under rule 404(b) it is intending to prove.

## II.     THE EVIDENCE OF ROMINE'S DRUG DEALING MAY BE ADMISSIBLE UNDER RULE 404(b) IF THE UNITED STATES PROVIDES A FACTUAL NEXUS BETWEEN THE EVIDENCE AND THE EVENTS OF JANUARY 8, 2004.

        First and foremost, the United States is not offering Romine's drug dealing and his behavior on January 8, 2004 as it relates to drugs to show a criminal propensity towards drug dealing.  The grand jury did not charge Romine with a drug offense, but with aggravated sexual abuse and kidnapping.  Accordingly, the United States is attempting to offer the evidence for a proper purpose.

        Romine is charged under 18 U.S.C. § 2241(a), which charges aggravated sexual abuse by

threat or force.  The United States has not charged Romine with aggravated sexual abuse by other means pursuant to 18 U.S.C. § 2241(b).  Under subsection (b) of the statute, it would be a matter of proof that Romine provided intoxicants to his alleged victim to consummate an act of sexual intercourse against the conscience of another.  Such evidence is not essential under subsection (a), as the essential actus rea of that offense is the use of threat or force, not the use of intoxicants.  Accordingly, the United States must establish that the evidence, while not essential, is otherwise relevant to the crime charged.

While the United States has not been as clear as the Court would like, the United States has generally identified a proper purpose or purposes for admission under rule 404(b).  The United States contends that Romine's preparation and plan included providing drugs and alcohol to Jane Doe.  That plan is relevant, although not essential, to the charged crime.  Romine's preparation and plan to provide drugs and alcohol to Jane Doe provide insight into Romine's preparation and plan on the night he allegedly kidnapped and raped her.

Thus, the possible relevance of the extrinsic acts evidence concerning Romine's use, distribution, or connection with illegal drugs is contingent upon a factual nexus establishing that he provided marijuana or other drugs to Jane Doe on January 8, 2004, the date of the charged crime in this matter.  The possible inference that may permit for the admission of the evidence proffered pursuant to rule 404(b) is that Romine provided drugs to Jane Doe on the night of January 8, 2004 for the purpose of commencing an act of forced sexual intercourse, and that he had done the same thing to another person in the past.  Otherwise, no proper purpose exists for the admission of this evidence pursuant to rule 404(b), which specifically states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity

therewith." Fed. R. Evid. 404(b).  Without this factual nexus, the evidence would not be admissible, as it would present no relation to any fact of consequence to the determination of the action.  See Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); id. 402 ("Evidence which is not relevant is not admissible.").

As such, the relevance of this evidence is conditioned on fact.  The Court should not admit such evidence absent the introduction of evidence sufficient to support a finding of the fulfillment of the fact that Romine provided drugs to Jane Doe on January 8, 2004.  See id. 104(b).  Because there is no evidence presently before the Court that Romine provided drugs to Jane Doe on the night of January 8, 2004, such evidence is not relevant.  See id. 401.

Although rule 404(b) may be a rule of general inclusion, the Court should not admit evidence that is not relevant.  There is no presumption of relevance that attaches to extrinsic acts of evidence.  On the record before the Court, testimony that establishes only that Romine may have previously distributed drugs to any person is not relevant, and the Court will exclude it, as it currently does not relate to any fact of consequence to the action's determination.  See id. 401.

On the record before the Court, the United States cannot offer the evidence for any proper purpose.  As such, the Court will exclude any testimony that Romine sold or provided drugs to any other person in the past until and unless the United States provides evidence of the factual nexus between the prior acts and the night of January 8, 2004.  This exclusion order applies to any testimony that Romine was "the person" at Cochiti Pueblo to go to for drugs and to any testimony that the alleged victim or others previously went to Romine to purchase drugs.

That Romine has a criminal record for possession of drug paraphernalia is, similarly, inadmissible under rule 404(b).  It does not establish any fact of consequence to this action.  <u>See</u> Fed. R. Evid. 401.  Accordingly, the United States cannot offer such evidence for any proper purpose without evidence of a factual nexus.

That the search of Romine's car on January 9, 2004 resulted in seizure of a marijuana pipe does not permit for admission of the pipe as evidence in this case, because Romine is not charged with a drug crime.  Such evidence is therefore not relevant pursuant to rule 401, as it does not establish any fact of consequence to this action.  The Court will therefore exclude the marijuana pipe found during the January 9th search pursuant to rule 402 unless the United States provides evidence of a factual nexus between the pipe and the events of January 8, 2004.

Accordingly, any evidence of Romine's prior drug use or distribution is, on the record before the Court, irrelevant and inadmissible in this case.  The United States will have an opportunity to provide evidence of a factual nexus between the drug supplying and the events of January 8, 2004. At the present time, however, that evidence is not before the Court.

**III.  IF THE UNITED STATES PROVIDES SUFFICIENT EVIDENCE OF A FACTUAL NEXUS BETWEEN THE DRUG SUPPLYING AND THE EVENTS OF JANUARY 8, 2005, THE DANGER OF UNFAIR PREJUDICE WILL NOT LIKELY OUTWEIGH THE PROBATIVE VALUE OF ROMINE'S DRUG DEALING AS EVIDENCE.**

Romine argues that the Court should exclude, pursuant to rule 403, any evidence that the Court deems relevant, because the danger of unfair prejudice to him substantially outweighs the evidence's probative value and presents the possibility of confusing the jury and inducing them to believe that Romine's past acts of drug use or distribution relate to his behavior in this case.  <u>See</u> Fed. R. Evid. 403.  Romine contends that such evidence is thereby inadmissible, as its introduction seeks

to establish criminal propensity and is unfairly prejudicial.  See United States v. Segien, 114 F.3d at 1022.  Romine contends that failure to exclude such evidence raises the certain potential for an in-court spitting contest to result between Romine and his accuser.

If the United States can provide the factual nexus for its evidence, the evidence will likely be highly probative of Romine's intent, opportunity, and/or motive to commit the charged crime. Because Romine is not charged with a drug crime, the evidence will not be unfairly prejudicial. Accordingly, if the United States can provide sufficient evidence of a factual nexus between Romine's drug dealing and the events of January 8, 2004, the Court would be inclined to find that all of Romine's previous other crimes, wrongs, and acts of drug dealing are admissible under rule 403 and rule 404(b).  Without a factual nexus, the evidence will remain precluded.

**IT IS ORDERED** that the Defendant's request and motion is granted in part and denied in part.  Before the Court will admit the proffered evidence, the United States shall specify with particularity the permissible inference that its proffered rule 404(b) evidence has been offered to prove; the United States' motion is denied unless and until the United States specifies with particularity the purpose of the evidence.  Because Romine withdrew his request for an evidentiary hearing after consulting with the United States, and instead supplied the Court written copies of the evidence they sought to present, the Court will not hold an evidentiary hearing on this matter.  The United States' Motion in Limine is denied without prejudice to the United States to provide evidence of a factual nexus between the Defendant's drug dealing and the events of January 8, 2004.  The Court denies the United States' motion unless and until the United States establishes a factual nexus between the Defendant's drug activities and the events of January 8, 2004.  If the United States cannot do so, this Order bars the admission of Romine's prior bad acts relating to drug use or

-11-

distribution.  If the United States can provide factual support for the necessary nexus, the United States may introduce testimony of Romine's drug dealing and supplying, committed before and during the course of the conduct that forms the basis of the charge against him.


_____
UNITED STATES DISTRICT JUDGE


*Counsel:*

David C. Iglesias
   United States Attorney
      for the District of New Mexico
Kyle T. Nayback
Glynette Carson McNabb
   Assistant United States Attorneys
Albuquerque, New Mexico

         *Attorneys for the Plaintiff*

Joseph N. Riggs III
Albuquerque, New Mexico

         *Attorney for the Defendant*