IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                              No. CR 04-231 JB

DARWIN JACOBO ROMINE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Complete DNA Testing by April 20, filed March 1, 2005 (Doc. 73). The Court held a hearing on this motion on April 18, 2005. The primary issue is whether the Court should order the United States to produce another DNA analysis by a date certain when it has no control over the date of the production. Because the Court concludes that compelling the United States to complete DNA testing, a matter over which it does not have control, may not solve the immediate problem of securing the DNA analysis, the Court will deny the motion. The Court will, however, send a letter to the Albuquerque Police Department's crime laboratory and inform it that the Court and the parties must promptly have the results.

## PROCEDURAL BACKGROUND

Romine's counsel waited nine months before requesting DNA testing, and the United States promptly submitted the rape kit for testing upon Romine's request. Romine's counsel agreed with the United States that the Albuquerque Police Department ("APD") crime laboratory is the fastest of all laboratories. The United States represents that the lab is doing the best it can to get the DNA results produced as quickly as possible. The United States has no control over the speed in which

DNA testing is completed.

Two forensic analyses have issued from the rape kit performed on the alleged victim in this case, Lindsay Q.:[1] (i) a Criminalistic Serology Report that forensic scientist Laura Galbraith at the APD Crime Lab conducted on December 27, 2004; and (ii) a Criminalistics DNA Report that forensic scientist Donna Manogue conducted at the APD Crime lab on February 14, 2005. On February 10, 2005, at a documentary hearing on whether the Court would permit into evidence, pursuant to rule 412 of the Federal Rules of Evidence, past instances of sexual conduct of the alleged victim, Romine asserts that the Court ordered the United States to produce finalized DNA analyses from the rape kit performed on Lindsay Q. within ten days. A review of the transcript shows, however, that at the hearing, the Court did not order the results within 10 days; instead, it stated that, after the United States' representation that the results were expected sooner, it would be best to see if the problem would work itself out. See Transcript of Hearing at 17:8 - 18:9 (dated February 10, 2005).[2] If the United States had continued problems in obtaining the DNA results, the United States needed to contact the Court's courtroom deputy, K'Aun Sanchez, and Romine's counsel. Despite that Romine received the February 14, 2005 Criminalistics DNA Report from the United States Attorney's Office on February 17, 2005, a complete DNA analysis has not yet been performed.

## ANALYSIS

Romine insists that, although the February 14, 2005 Criminalistic DNA Report excludes him as a donor or a contributor to the profile from the semen sample obtained from Lindsay Q.'s

---

[1] The Court will omit the alleged victim's last name to protect her privacy. She was a minor at the time of the alleged crime.

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

underwear, a complete analysis excluding him as a donor or contributor from the sperm sample collected from Lindsay Q.'s underwear has yet to be completed. Although APD has conducted a DNA profile upon a semen sample found on the underwear, a complete DNA profile has not been performed on the 340 live sperm cells found on Lindsay Q.'s underwear. Romine contends that the requested analysis is a subtle, yet crucial, test that must be performed to truly exclude him as a donor or contributor source from the semen sample found on Lindsay Q.'s underwear.

Manogue reported that, during the week of March 7-13, 2005, she delivered the rape kit and other relevant evidence to a laboratory in Santa Fe for further testing. She further explained that results should be back in late April or early May. The United States provided this information to Romine's counsel. In addition, Romine's counsel has spoken with Manogue in the past, knows how to contact her, and knows the testing's status.

Romine requests the Court to issue an order compelling the United States to complete all DNA testing in this case by April 20, 2005. By this motion, Romine requests that the Court issue an order compelling the United States to perform a conclusive DNA profile on the 340 sperm cells found on Lindsay Q.'s underwear. Romine further requests that the United States produce the criminalistic DNA results and analysis to the Court and to him by April 20, 2005.

The United States opposes Romine's motion. The United States represents that, as soon as it has the testing's results, the United States will immediately notify Romine's counsel and the Court.

At the hearing, Romine's counsel conceded that the United States has done everything in its power to obtain the DNA results from the APD laboratory. See Transcript of Hearing 8:14-16 (taken April 18, 2005). Because the United States has exhausted its resources in terms of requesting a prompt completion of the complete test results, the Court will deny Romine's motion to order the

United States to produce the results by April 20, 2005.

Because the Court has concern, however, that the delay in receiving the complete DNA results is unnecessarily prolonging the judicial process, the Court will send the APD crime laboratory a letter advising it of the need to promptly provide complete DNA testing.

**IT IS ORDERED** that the Defendant's Motion to Complete DNA Testing by April 20 is denied.  The Court will, however, send a letter to the APD crime laboratory indicating that the DNA testing needs to be promptly completed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the District
    of New Mexico
Kyle T. Nayback
Glynette Carson-McNabb
  Assistant United States Attorneys for the District
    of New Mexico
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Joseph N. Riggs III
Albuquerque, New Mexico

    *Attorney for the Defendant*