# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                        No. CR 04-0231 JB

DARWIN JACOBO ROMINE,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed February 16, 2012 (Doc. 140)("Memorandum"). The Court held a hearing on March 7, 2012. The primary issue is whether the Court should sentence Defendant Darwin Jacobo Romine at the bottom of the guideline range for violating his conditions of supervised release. The Court will grant the request in the Memorandum. The Court will sentence Romine to 4-months imprisonment and 6-months supervised release.

On June 13, 2005, Romine pled guilty to Count III of the Superseding Indictment, filed December 16, 2004 (Doc. 47), charging a violation of 18 U.S.C. § 1153, Crime on an Indian Reservation, and 18 U.S.C. §§ 2241(a) and 2246(2)(C), that being Aggravated Sexual Abuse (Digital Penetration). See Plea Agreement, filed June 13, 2005 (Doc. 93). The Court sentenced Romine to 72-months imprisonment and 3 years of supervised release. See Judgment in a Criminal Case at 2-3, filed September 19, 2005 (Doc. 99). On February 17, 2011, the United States Probation Office ("USPO") filed a Petition for Revocation of Supervised Release, stating that Romine had violated several of his conditions of supervised release. See Doc. 103. The Court found Romine guilty of failing to refrain from the use and possession of alcohol, in violation of a special condition

of supervised release, and sentenced Romine to 3-months imprisonment as well as eighteen months of supervised release. See Judgment in a Criminal Case, filed May 9, 2011 (Doc. 122). On January 18, 2012, the USPO filed a second Petition for Revocation of Supervised Release stating that Romine had violated a special condition of supervised release -- that he refrain from the use and possession of alcohol. See Doc. 125, at 1. This violation is a grade C violation, and, with a criminal history category of II, the revocation imprisonment range is 4 to 10 months.

In his Memorandum, Romine asks that the Court sentence him at the low end of the revocation imprisonment -- 4-months imprisonment. See Memorandum at 1. Romine asserts that he is trying to further his education and that a sentence of 4 months would permit him to enroll in summer school classes. See Memorandum at 2. He admits that he has an alcohol problem and states that he is committed to continuing his treatment. See Memorandum at 2. He argues that his violations are a product of his alcohol addiction. See Memorandum at 3.

The Court held a hearing on March 7, 2012. For the reasons stated at the hearing and for further reasons stated here, the Court sentences Romine to 4-months incarceration and 6-months supervised release. The USPO does not think that supervised release was effective, and suggested a high-end sentence and the termination of supervised release. At the hearing, Romine admitted to the violation. See Transcript of Hearing at 6:4 (March 7, 2012)(Romine)("Tr.").[1] Plaintiff United States of America requested that the Court impose a sentence of 8-months incarceration but that it continue supervised release. See Tr. at 13:8-17 (Tapia-Brito). It was reluctant to ask the Court to impose a lengthy term of incarceration and then dump him out into society without any supervision. See Tr. at 13:13-17 (Tapia-Brito). The Court is cognizant that the purpose of supervised release is

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

to attempt to ease Romine back into society after a fairly lengthy prison sentence.  See United States v. Gutierrez-Castro, No. 07-1042, 2012 WL 394800, at *6 (D.N.M. Jan. 23, 2012)(Browning, J.). The Court sees anything above 4 months as largely unnecessary, but agrees with the United States that, given his prior criminal conduct, a further period of supervised release is prudent.  The Court believes that a sentence at the low end of the revocation imprisonment range is appropriate and will sentence Romine to 4-months imprisonment and an additional 6-months supervised release.  The Court is concerned with specific deterrence. The Court is concerned that Romine is manipulative, does not tell the truth, and will say what he needs to avoid incarceration.  Nevertheless, the Court does not believe than an additional 4- to 6-months imprisonment will assist in deterring Romine. Additionally, the continuing education, training, and care he receives on supervised release may further the deterrence goal, will help Romine address his issues with alcohol, and will permit him to continue to try to move in a positive direction.  The Court notes that Romine has been enrolled in college courses, has attempted to find a job, and has been involved in counseling to address his addiction.  These steps are the best hope for Romine.  The Court believes that this sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, avoids unwarranted sentencing disparities, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).  Finally, this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).

The Court urges Romine to not make a mistake over the next ten months.  The Court has shortened his incarceration, but reimposed supervised release.  If Romine does not toe the line during his relatively short period of supervised release, the Court will have little choice but to

incarcerate him one more time for a lengthy period and then terminate supervised release.

**IT IS ORDERED** that request in the Defendant's Sentencing Memorandum, filed February 16, 2012 (Doc. 140), is granted.  The Court sentences Defendant Darwin Jacobo Romine to 4-months imprisonment and 6-months supervised release.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
   United States Attorney
Kyle T. Nayback
   Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Michael A. Keefe
   Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

*Attorneys for the Defendant*